**UNITED STATES of America,**
**Plaintiff,**

v.

**Earl Edward MOORE, Defendant.**

**No. 31808 CD.**

United States District Court
S. D. California,
Central Division.

April 6, 1964.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, John A. Mitchell, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Ned R. Nelsen, Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

Earl Edward Moore was tried before the court, a jury having been waived, on a seven-count indictment charging violations of Title 41 United States Code, §§ 51 and 54 (receiving kickbacks).

At the close of the government's case defendant moved for judgment of acquittal on all counts of the indictment. The motion was granted as to Counts Two, Three, Four, Five, and Six and was denied as to Counts One and Seven.

Defendant then proceeded to introduce testimony and, at the close of all the evidence, motion was made by defendant for judgment of acquittal on Counts One and Seven.

Rule 29 of the Federal Rules of Criminal Procedure provides, in part:

"If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty * * *."

Although a jury was waived in this case,. the Court reserved the right to rule upon the motion for judgment of acquittal at or prior to the time of sentence.

At the close of all the evidence and after argument, the Court found defendant guilty as charged in Count One and Count Seven of the indictment and continued the matter to April 6, 1964 for imposition of sentence.

The matter now under consideration for disposition is the motion for judgment of acquittal as to Counts One and Seven of the indictment.

At the trial Exhibits 1, 3, 4, 5, and 6 were introduced; they were negotiated contracts or contracts in which the compensation of the prime contractor was undetermined, between the United States and North American Aviation, Inc. (hereinafter called North American). Testimony disclosed that after receipt of the contracts, North American entered into subcontracts with United Control Corporation of Seattle, Washington, and with Univox Corporation of Los Angeles, California.

Defendant was a supervisor of a small group of North American employees, which group had to do with installation of certain electronic equipment in airplanes, pursuant to North American's contract with the United States government for construction of planes. There is no evidence before the court that defendant had any connection with the buying or purchasing department of North American, nor with any department which had authority to award subcontracts. Defendant and his group did not have the right to reject any parts made by subcontractors, unless the parts

were found defective at the time of installation.

Defendant was a full-time employee of North American, and when it was necessary for him to make business trips out of Los Angeles his salary and total expenses were paid by North American. On or about January 15, 1959, when United Control Corporation had a subcontract with North American, defendant went to Seattle, Washington, to talk with officials of United Control Corporation relative to the subcontract work.

While in Seattle defendant suggested (although all his travel expenses were subsidized by his employer, North American) to the officials of United Control Corporation that they reimburse him for the cost of a round-trip airplane ticket between Los Angeles and Seattle. Whereupon, the officials of United Control Corporation gave to defendant the sum of $170.00. This transaction is recited in Count One of the indictment.

With reference to Count Seven the evidence discloses that while Univox Corporation had a subcontract with North American the latter requested bids on other materials to be used by North American. Univox Corporation submitted its bid.

Thereafter, defendant in some manner acquired figures relative to the bid and went to the home of an official of Univox Corporation where he talked with two of Univox Corporation's officials about the bids, telling them that theirs was too high and if they expected to obtain the subcontract for the materials, it would be necessary to lower the bid figures. The Univox Corporation representatives informed defendant they had very carefully gone over the figures of the bid, and it was impossible to lower the figures tendered without losing money; and as a consequence they refused to lower the bid price.

After the discussion above described, the men went to a nearby restaurant. At the restaurant defendant requested the loan of fifty dollars, whereupon the fifty dollars was handed to defendant by one of the two Univox Corporation officials. Although defendant's contention is that this fifty dollars represented a loan, no evidence of indebtedness was given the official of Univox Corporation, and defendant has made no attempt to repay the amount. This transaction is the gravamen of Count Seven of the indictment.

The prime contracts between the government and North American come within the purview of Title 41 United States Code, §§ 51 and 54. Both United Control Corporation and Univox Corporation were subcontractors within the meaning of these sections which make unlawful the payment of any fee, commission, or compensation of any kind or the granting of any gift or gratuity of any kind, either directly or indirectly, by or on behalf of a subcontractor, as an inducement for the award of a subcontract or order from the prime contractor or any subcontractor, or as an acknowledgment of a subcontract or order previously awarded.

Nothing in the evidence before the Court indicates defendant in any way had anything to do with the awarding of the subcontracts mentioned herein. The statute, however, prohibits such payment "as an inducement for the award of a subcontract or order from the prime contractor or any subcontractor, or as an acknowledgment of a subcontract or order previously awarded, * * *."

The question to be determined is whether the payment of $170.00 on or about January 15, 1959 by United Control Corporation, and whether the payment of $50.00 on or about November 2, 1960 by Univox Corporation come within the language of the statute.

Defendant contends it is incumbent upon the government to establish that the inducement was made for a particular purpose or a specific subcontract under those covered by the exhibits. And he further argues it is not sufficient that the government establish the inducement was made, and then, sometime later, the subcontractor was awarded another subcontract. In other words, defendant

maintains that the evidence must make the inducement tie in directly with the award of a particular subcontract.

Exhibits 1, 3, 4, 5, and 6 show that several contracts between North American and the United States of America were entered into from June, 1958 through June, 1961.

Exhibit 9, dated January 25, 1960, is an "Acknowledgment of Purchase Order Change Notice," pursuant to an existing subcontract between North American and United Control Corporation.

Exhibit 8, dated December 2, 1959, and Exhibit 10, dated February 17, 1960 (cleared as to final acknowledgment of series on September 9, 1963) are also "Acknowledgment of Purchase Order Change Notice," pursuant to subcontracts between North American and Univox Corporation.

## COUNT ONE

Exhibit 1 discloses a prime contract between the government and North American, dated June 26, 1958. Subcontracts were thereafter made by North American, under this prime contract, with United Control Corporation.

Exhibit 22, "Acknowledgment of Purchase Order Change Notice," dated January 8, 1959, evidences an existing subcontract between North American and United Control Corporation.

On January 15, 1959 defendant solicited and received the $170.00 described in Count One of the indictment.

Exhibit 9 discloses a series of subsequent purchase order change notices, beginning January 25, 1960, pertaining to subcontracts between North American and United Control Corporation.

## COUNT SEVEN

Pursuant to the prime contracts hereinabove mentioned (from June, 1958 through June, 1961), North American entered into subcontracts with Univox Corporation.

The evidence indicates the "loan" or gift of fifty dollars recited in Count Seven was made to defendant by a Univox official on November 2, 1960.

Exhibit 7 shows that prior to December 2, 1959 a subcontract existed between North American and Univox Corporation.

Exhibit 10 reveals a series of purchase order change notices dated February 17, 1960 and acknowledged by Univox Corporation on successive dates, beginning with March 14, 1960 and terminating on September 9, 1963.

Section 51 of Title 41, United States Code, provides in part:

" * * * Upon a showing that a subcontractor paid fees, commissions, or compensation or granted gifts or gratuities to an officer, partner, employee, or agent of a prime contractor or of another higher tier subcontractor, * * *, it shall be conclusively presumed that the cost of such expense was included in the price of the subcontract or order and ultimately borne by the United States. * * * "

The evidence adduced at the trial established that defendant was, at the time of the transactions recited in Count One and Count Seven of the indictment, an employee of the prime contractor, North American.

The evidence further established that defendant received from officials of the subcontractors, United Control Corporation and Univox Corporation, "gifts or gratuities" at a time when these corporations had subcontracts with, thereafter acquired subcontracts from, or both had then and thereafter acquired subcontracts with the prime contractor, North American.

Defendant alleges there is no evidence in the case, either in Count One or in Count Seven, to establish that the payments were made by either United Control Corporation or Univox Corporation, as each payment was made by an official of the respective corporations and according to the testimony was not charged up to either the company or to the subcontracts.

The statute provides that when "gifts or gratuities" are made as contemplated

by the Act " * * * it shall be conclusively presumed that the cost of such expense [gift or gratuity] was * * * ultimately borne by the United States."

Under the facts of this case we are of the opinion that the evidence will sustain a finding of guilty as to Count One and a finding of guilty as to Count Seven of the indictment.

It is ordered that the motion for judgment of acquittal on Count One of the indictment and on Count Seven of the indictment is denied.